IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GIANNINI, individually and on behalf of all others similarly situated and in the interest of the general public of the State of California,<br><br>   Plaintiff,<br><br> v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin company; NORTHWESTERN MUTUAL – SAN FRANCISCO BAY AREA GROUP, INC., a California corporation; and JOHN GOODENOUGH, an individual,<br><br>   Defendants.<br>_____/ | No. C 12-77 CW<br><br>ORDER ALLOWING DEFENDANTS TO SUBMIT SUPPLEMENTAL EVIDENCE |

  Plaintiff David Giannini moves to remand this putative class action to state court.  Defendant Northwestern Mutual Life Insurance Company, SFBAG Insurance Services, Inc., sued as Northwestern Mutual – San Francisco Bay Area Group, Inc., and John Goodenough oppose the motion.

  Plaintiff argues, in part, that Defendants have not satisfied the amount-in-controversy requirement to establish removal jurisdiction under the Class Action Fairness Act of 2005 (CAFA).  When it is not "'facially apparent' from the complaint that the jurisdictional amount is in controversy," a "court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Singer v. State Farm Mut.

Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (internal quotations omitted). While, from the additional evidence submitted by Defendants thus far, it appears possible that the jurisdictional amount is in controversy in this case, the evidence currently in the record does not allow the Court to conclude that this amount in fact is more likely than not in controversy without speculation. While Defendants offer evidence regarding the number of "work weeks" that putative class members worked during the relevant time period, they do not offer any evidence regarding the total number of days worked by putative class members during that time or the average number of days worked per "work week" by putative class members during that time.

The Court also notes that attorneys' fees are properly included in the amount in controversy for purposes of evaluating jurisdiction under CAFA. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007). Further, this Court agrees that, "[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). Therefore, the Court will include a reasonable estimate of attorneys' fees in the calculation.

2

Accordingly, Defendants are GRANTED LEAVE to file supplemental evidence addressing the deficiency identified above within seven days of the date of this Order. Defendants shall include with their submission an updated estimate of the amount in controversy and the calculations underlying this estimate. Plaintiff may respond to Defendants' supplemental evidence four days thereafter.

IT IS SO ORDERED.

Dated: 4/10/2012

CLAUDIA WILKEN
United States District Judge